IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WALTER REDMOND, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| vs. | Case No. 2:12-CV-42-TS |
| AMANDA CAPPS et al., | District Judge Ted Stewart |
| Defendants | |

Plaintiff, Walter Redmond, an inmate at Salt Lake County Jail, filed a civil rights complaint against Salt Lake City Police personnel. As discussed below, the Court concludes that Redmond must pay the filing fee before this case can proceed.

The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a complaint in federal court without prepaying the filing fee.[1] But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[3]

---

[1] 28 U.S.C.S. § 1915(a) (2012).

[2] *Id.* § 1915 (g).

[3] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

Redmond has filed three complaints in the United States District Court for the District of Utah that were dismissed, both at the trial court level and on appeal, as frivolous or failing to state a claim upon which relief may be granted.[4]

Section 1915(g) applies here because (1) Redmond was a prisoner when he filed this complaint; and (2) he has filed three or more prior cases in federal court that have been dismissed as failing to state a claim or frivolous. The language of section 1915(g) is mandatory. Thus, a prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his federal claims may proceed further.

## ORDER

Because he has filed three or more cases in federal court which have been dismissed as failing to state a claim or frivolous, Redmond is not eligible to proceed further without prepaying the filing fee in this case. Therefore, Redmond is **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

*19th* January, 2012.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court

---

[4] *See Redmond v. Salt Lake County Sheriff*, No. 2:08-CV-568 TS (D. Utah August 28, 2009 & June 3, 2010) (dismissing complaint, in two separate orders, for failure to state claim upon which relief may be granted and failure to prosecute), *aff'd, Redmond v. Salt Lake County Jail Medical Staff*, No. 10-4019 (10th Cir. July 27, 2010) (dismissing appeal, stating "Redmond's arguments are not only frivolous but repetitive of his earlier appeal"); *Redmond v. Salt Lake City Police Dep't*, No. 2:08-CV-153 TC (D. Utah Mar. 9, 2009) (dismissing complaint "for failure to state a claim on which relief can be granted"), *aff'd*, No. 10-4014 (10th Cir. July 7, 2010); *Redmond v. Salt Lake City Police Dep't*, No. 2:07-CV-722 TS (D. Utah December 11, 2009) (same), *aff'd*, No. 10-4002 (10th Cir. July 7, 2010).